**Haditze CUROVIC, Arben Curovic, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

No. 05–0240–AG.

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

Haditze Curovic, Astoria, New York, for Petitioner, pro se.

Jonathan S. Gasser, United States Attorney for the District of South Carolina, Marvin J. Caughman, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hatidze Curovic, *pro se,* in conjunction with her son Arben, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) *(per curiam); Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000).

Here, while the IJ found Curovic's testimony credible, she found that Curovic had not met her burden of establishing past persecution in Montenegro. Specifically, the IJ found that the incidents about which Curvoic testified, whether considered individually or cumulatively, rose only to a level of "harassment and discrimination." In any event, the IJ concluded that the Government had proved, by a preponderance of the evidence, that country conditions in Montenegro had sufficiently changed to rebut Curovic's claim of a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1)(i)(A); *Islami v. Gonzales,* 412 F.3d 391, 397–98 (2d Cir.2005). Because this conclusion is supported by substantial evidence and dispositive of Curovic's claim for asylum, we need not review her challenges to the IJ's findings

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

with respect to past persecution. Moreover, as Curovic has not satisfied the standard for asylum, she cannot meet the higher standard for withholding of removal. *See Ramsameachire,* 357 F.3d at 178. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).